TREG TAYLOR
ATTORNEY GENERAL

Christopher W. Yandel (Alaska Bar No. 1806057)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5190
Facsimile: (907) 276-3697
Email: chris.yandel@alaska.gov

Attorney for the State of Alaska, Department of Corrections.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HERACLIO SANCHEZ-RODRIGUEZ, | ) | |
| ET AL., | ) | |
| | ) | Case No.: 3:23-CR-00090-1-RRB-KFR |
| Defendants. | ) | |

**STATE OF ALASKA, DEPARTMENT OF CORRECTIONS' MOTION TO INTERVENE**

## I.    INTRODUCTION

Defendant Heraclio Sanchez-Rodriguez has moved the Court for preliminary

injunctive relief regarding his conditions of confinement arguing that said conditions

violate his right to access his counsel to prepare his criminal defense.[1] In response to this

---

[1]     Docket No. 187.

motion, the Court held that Mr. Sanchez-Rodriguez was entitled to an evidentiary hearing on three of the six conditions of confinement he argued violated his right to access his counsel.[2] Mr. Sanchez-Rodriguez then served subpoenas on six employees at Spring Creek Correctional Center to appear and testify at the evidentiary hearing. The State of Alaska, Department of Corrections now respectfully moves to intervene as of right for the limited purpose of appearing at the scheduling conference to represent the Department's interest in scheduling the evidentiary hearing in such a time and manner that allows the Department to maintain staffing levels at Spring Creek Correctional Center that will not reduce facility security.

## II.     LEGAL STANDARD

A motion to intervene in a criminal prosecution is governed by Federal Rule of Civil Procedure 24.[3] Pursuant to Civil Rule 24(a), intervention as of right is permitted when "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."[4] The Ninth Circuit has adopted a four-part test to resolve applications for interventions of right where the party moving to intervene must show:

---

[2]      Dkt. No. 194.

[3]      *See United States v. Lepp*, 2013 WL 173960, at *1 (N.D. Cal. Jan. 16, 2013).

[4]      Fed. R. Civ. P. 24(a)(2).

*USA v. Sanchez-Rodriguez*                                    Case No.: 3:23-CR-00090-1-RRB-KFR
State of Alaska, Department of Corrections' Motion to Intervene                    Page 2 of 7
Case 3:23-cr-00090-RRB-KFR     Document 246     Filed 05/06/25     Page 2 of 7

(1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that without intervention the disposition may, as a practical matter, impair or impede its ability to protect that interest; and (4) the applicant's interest is not adequately represented by the existing parties.[5]

## III. ARGUMENT

### A. The Department's motion is timely.

The Department's employees at Spring Creek Correctional Center received subpoenas to appear and testify at an evidentiary hearing on Friday, April 4, 2025.[6] The Department then promptly moved to continue the evidentiary hearing in part because having six employees absent in one day to attend and testify at the evidentiary hearing represented a critical staffing shortage at Spring Creek Correctional Center.[7] On April 17, 2025, the Court denied the motion and ordered the Department to move to intervene if it wished to participate any further in this matter.[8] The Department files this motion nineteen days later. The motion is thus timely as the Department learned of the subpoenas and moved to intervene in just over a month and within a few weeks of the Court ordering it to do so.

---

[5]   *S.E.C. v. Navin*, 166 F.R.D. 435, 439 (N.D. Cal. Feb. 23, 1995) (citing *U.S. ex rel. McGough v. Covington Technologies*, 967 F.2d 1391, 1394 (9th Cir. 1992)).

[6]   Dkt. No. 237 ¶ 2.

[7]   *Id.* ¶¶ 7–8.

[8]   Dkt. No. 245.

*USA v. Sanchez-Rodriguez*                                    Case No.: 3:23-CR-00090-1-RRB-KFR
State of Alaska, Department of Corrections' Motion to Intervene                    Page 3 of 7

Case 3:23-cr-00090-RRB-KFR    Document 246    Filed 05/06/25    Page 3 of 7

**B.** **The Department has an interest in the scheduling of the evidentiary hearing.**

It is axiomatic that the State of Alaska has an interest in the safe operation of its correctional facilities.[9] As stated in the Department's motion to continue the evidentiary hearing, the absence of six employees at once to appear and testify at an evidentiary hearing without sufficient time to arrange for additional staff represents a security concern for Spring Creek Correctional Center.[10] As such, the Department has an interest in the scheduling of the evidentiary hearing at such a time and in such a manner that allows it to maintain safe staffing levels while its employees appear and testify at the evidentiary hearing. More broadly, Mr. Sanchez-Rodriguez asks the Court to order the Department to relax the security measures it has taken with respect to him which also implicates the Department's well-established interest in the secure operation of its correctional facilities.

**C.** **The scheduling of the evidentiary hearing could impair the Department's ability to safely operate Spring Creek Correctional Center.**

As discussed above, the Department has a well-established interest in the secure operation of its correctional facilities,[11] and the scheduling and manner of the evidentiary

---

[9]     *Bell v. Wolfish*, 441 U.S. 520, 547 (1979) ("[M]aintaining institutional security and preserving internal order and discipline are essential goals . . . . Central to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves." (internal quotations and citations omitted)).

[10]    Dkt. No. 237 ¶¶ 7–8.

[11]    *Bell*, 441 U.S. at 547.

*USA v. Sanchez-Rodriguez*                                        Case No.: 3:23-CR-00090-1-RRB-KFR
State of Alaska, Department of Corrections' Motion to Intervene                    Page 4 of 7

Case 3:23-cr-00090-RRB-KFR     Document 246     Filed 05/06/25     Page 4 of 7

hearing implicates the Department's ability to maintain secure staffing levels at Spring Creek Correctional Center.[12] Indeed, it was the Department's absence from earlier proceedings that led Department suddenly learning that six of its employees would be absent from work at Spring Creek Correctional Center to appear and testify at an evidentiary hearing and seeking an expedited continuance of said evidentiary hearing. As such, the Department's presence at scheduling the evidentiary hearing is necessary for the Department to protect its interest in maintaining safe staffing levels at Spring Creek Correctional Center.

> **D.** **Neither the United States nor Mr. Sanchez-Rodriguez adequately represent the Department's ability to safely operate Spring Creek Correctional Center.**

Finally, neither the United States nor Mr. Sanchez-Rodriguez adequately represent the Department's interest in maintaining safe operation of Spring Creek Correctional Center. Neither party consulted with the Department or its counsel about scheduling the evidentiary hearing which ultimately led to the Department being surprised to discover that six of its staff would be absent from Spring Creek Correctional Center with just a few days' notice. Further, Mr. Sanchez-Rodriguez asks the Court to order the Department to relax security measures it has implemented regarding him making him directly adverse to the Department's interest in maintaining secure operation of its correctional facilities. With respect to the United States, the Bureau of Prisons does not operate any correctional facilities in Alaska, and the United States thus does not adequately represent the State's

---

[12]    Dkt. No. 237 ¶¶ 7–8.

*USA v. Sanchez-Rodriguez*                                        Case No.: 3:23-CR-00090-1-RRB-KFR
State of Alaska, Department of Corrections' Motion to Intervene                    Page 5 of 7

Case 3:23-cr-00090-RRB-KFR    Document 246    Filed 05/06/25    Page 5 of 7

interest in maintaining secure operation of its correctional facilities and cannot reasonably be expected to be involved in managing the schedules of the Department's employees.

## V.     CONCLUSION

For the reasons stated above, the motion should be granted, and the Department should be allowed to intervene as of right for the limited purpose of attending any scheduling conference regarding an evidentiary hearing where its employees will be called as witnesses. The Department's counsel has attempted to confer with counsel for the United States and Mr. Sanchez-Rodriguez on this motion. The United States does not oppose the Department's motion to intervene; the Department does not Mr. Sanchez-Rodriguez's position at this time. A proposed order is attached.

DATED: May 6, 2025.

TREG TAYLOR
ATTORNEY GENERAL


By:     /s/Christopher W. Yandel
        Christopher W. Yandel
        Assistant Attorney General
        Alaska Bar No. 1806057
        Department of Law
        1031 West Fourth Avenue, Ste. 200
        Anchorage, AK 99501
        Phone: (907) 269-5190
        Facsimile: (907) 276-3697
        Email:  chris.yandel@alaska.gov
        Attorney for the State of Alaska,
        Department of Corrections

*USA v. Sanchez-Rodriguez*                    Case No.: 3:23-CR-00090-1-RRB-KFR
State of Alaska, Department of Corrections' Motion to Intervene          Page 6 of 7

Case 3:23-cr-00090-RRB-KFR     Document 246     Filed 05/06/25     Page 6 of 7

<u>Certificate of Service</u>
I certify that on May 6, 2025 the foregoing **State of Alaska, Department of Corrections' Motion to Intervene** was served electronically on:

David D. Fischer
Law Offices of David D. Fischer, APC
david.fischer@fischerlawoffice.com

Richard G. Novak
Law Offices of Richard G. Novak
richard@rgnlaw.com

Tasha P. Chalfant
Tasha Paris Chalfant Law PC
tashachalfant@gmail.com

Christopher D. Schroeder
U.S. Attorney's Office (Anch)
christopher.schroeder@usdoj.gov

Alana Weber
U.S. Attorney's Office (Anch)
alana.weber@usdoj.gov

Stephan A. Collins
U.S. Attorney's Office (Anch)
stephan.collins@usdoj.gov

<u>/s/Christopher W. Yandel</u>
Christopher W. Yandel, Assistant Attorney General

*USA v. Sanchez-Rodriguez*                    Case No.: 3:23-CR-00090-1-RRB-KFR
State of Alaska, Department of Corrections' Motion to Intervene                    Page 7 of 7
Case 3:23-cr-00090-RRB-KFR    Document 246    Filed 05/06/25    Page 7 of 7